Mr. Robert T. Feldman General Counsel Florida Keys Aqueduct Authority Post Office Box 1239 Key West, Florida 33041-1239
Dear Mr. Feldman:
You ask substantially the following question:
Does section 112.061, Florida Statutes, apply to the Florida Keys Aqueduct Authority?
In sum:
The provisions and limitations of section 112.061, Florida Statutes, apply to the Florida Keys Aqueduct Authority and govern the reimbursement of per diem and travel expenses by the authority.
The Florida Keys Aqueduct Authority (authority) was created by special act as an independent special district for the purpose of obtaining, supplying, and distributing an adequate water supply for the Florida Keys.[1] Section 6 of Chapter 76-441, Laws of Florida, as amended, states that members of the board of directors of the authority "shall receive reasonable expenses which shall not be in excess of the amounts provided by law for state and county officials in chapter 112, Florida Statutes." You note that section 8 of the authority's enabling act authorizes the board of directors to "Employ engineers, contractors, consultants, attorneys, auditors, agents, employees, and representatives . . . on such terms and conditions as the board of directors may approve, and fix their compensation and duties."
The Uniform Travel Expense Law, section 112.061, Florida Statutes, however, establishes a system for the reimbursement of travel expenses and per diem for public officers, employees, and authorized persons. Finding that there were inequities, conflicts, inconsistencies, and lapses in the various laws seeking to regulate travel expenses of public officers, employees, and authorized persons, the Legislature sought:
To remedy same and to establish uniform maximum rates, and limitations, with certain justifiable exceptions, applicable to all public officers, employees, and authorized persons whose travel expenses are paid by a public agency.[2]
"Agency or public agency" is defined for purposes of section112.061, Florida Statutes, to mean:
"Any office, department, agency, division, subdivision, politicalsubdivision, board, bureau, commission, authority, district, public body, body politic, county, city, town, village, municipality, or any other separate unit of government created pursuant to law."[3] (e.s.)
Section 112.061(1)(b), Florida Statutes, provides:
"To preserve the standardization and uniformity established by this law:
1. The provisions of this section shall prevail over any conflicting provisions in a general law, present or future, to the extent of the conflict; but if any such general law contains a specific exemption from this section, including a specific reference to this section, such general law shall prevail, but only to the extent of the exemption.
2. The provisions of any special or local law, present or future, shall prevail over any conflicting provisions in this section, but only to the extent of the conflict."
Thus, the travel expenses and per diem of all public officers, employees, and authorized persons whose travel expenses are paid by a public agency are subject to, and controlled by, the rates and limitations set forth in section 112.061, Florida Statutes, unless expressly and specifically exempted by general law or by the provisions of a special law.
This office, for example, in Attorney General Opinion 89-42 stated that the North Brevard County Hospital District, a special tax district created by special act as a body politic and corporate, was subject to the provisions of section 112.061, Florida Statutes. Thus, the provisions of section 112.061 governed the travel expenses and per diem of the district's officers, employees, and authorized persons, and the district was not authorized to enact regulations for per diem and travel expenses that varied from or conflicted with the provisions of that statute.
Similarly, in Attorney General Opinion 79-3, this office concluded that a utilities authority, created by special act for the purpose of performing a prescribed specialized function, was not authorized to enact legislative regulations for per diem or travel expenses that varied from section 112.061, Florida Statutes.[4]
More recently, Attorney General Opinion 99-33 stated that the guidelines in federal or private grants did not operate as an exception to the reimbursement provisions in section 112.061, Florida Statutes, and, therefore, the Riviera Beach Housing Authority could not use funds from federal or private grants to reimburse travel expenses or pay per diem to officers and employees of the authority at rates other than those prescribed in section 112.061, Florida Statutes.
The Florida Keys Aqueduct Authority is clearly an "agency or public agency" as those terms are defined for purposes of section112.061, Florida Statutes. The authority possesses no inherent powers; rather, its powers are prescribed by law.
Section 112.061(1)(b)2., Florida Statutes, states that the provisions of any special or local law prevail over any conflicting provisions in section 112.061, but only to the extent of the conflict. The provisions of the enabling legislation for the authority, however, are not inconsistent with or in conflict with the terms of section 112.061. The special act merely authorizes the authority to hire and fix the compensation of staff; it does not address or otherwise prescribe reimbursement for expenses for such employees and staff.[5]
Thus, I am of the opinion that payment of travel expenses by the authority is subject to, and controlled by, the rates and limitations contained in section 112.061, Florida Statutes. The travel expenses of all travelers are limited to those expenses incurred by them in the performance of a public purpose authorized by law to be performed by the agency.[6]
Accordingly, I am of the opinion that the provisions and limitations of section 112.061, Florida Statutes, apply to the Florida Keys Aqueduct Authority and govern the reimbursement of per diem and travel expenses by the authority.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Ch. 76-441, Laws of Florida, as amended by Chs. 77-604, 77-605, 80-546, 83-468, 84-483, 84-484, 86-419, and 98-519, Laws of Florida.
[2] See, s. 112.061(1)(a), Fla. Stat., setting forth the legislative intent.
[3] Section 112.061(2)(a), Fla. Stat.
[4] You refer to Op. Att'y Gen. Fla. 61-141 (1961) which stated that the provisions of section 112.061, Fla. Stat. (1961), did not apply to purely local districts. Section 112.061, however, was substantially rewritten in 1963 by Ch. 63-400, Laws of Florida. The conclusions reached in the 1961 opinion are no longer valid in light of the subsequent legislative amendments to the statute.
[5] Compare, Op. Atty. Gen. Fla. 87-50 (1987), concluding that a statute providing for determination of an amount payable to members of the Santa Rosa County Civil Service Board "to defray expenses," includes travel expenses and therefore prevails over s.112.061, Fla. Stat.
[6] Section 112.061(3)(b), Fla. Stat.